IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HELEN BRUSHART,

      Plaintiff,

                                    Civil Action 2:16-cv-520
v.                              Judge Algenon L. Marbley
                                    Magistrate Judge Jolson

BRIAN ADAMS, et al.,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Helen Brushart filed this case against Defendants A-Team Consultants, LTD. and Brian Adams on June 9, 2016. (Doc. 1). On October 11, 2016, A-Team Consultants, LTD. and Brian Adams filed a third-party complaint against Walter Kevin Scott. (Doc. 30). The third-party complaint and summons were sent by certified and ordinary mail to Mr. Scott's home on December 29, 2016. (Doc. 47). The summons was returned executed on December 30, 2016; consequently, Mr. Scott's answer deadline was January 20, 2017. (Doc. 48).

Mr. Scott failed to answer or otherwise respond. Consequently, A-Team Consultants, LTD. and Brian Adams filed an application for default. (Doc. 53). The Clerk entered default on February 22, 2017. (Doc. 60). On the same day, A-Team Consultants, LTD. and Brian Adams filed a Motion for Default Judgment against Mr. Scott (Doc. 61) and Mr. Scott filed a Motion for an Extension of Time to File a Response (Doc. 62).

Upon consideration of Mr. Scott's Motion, the Court found good cause for an extension until March 17, 2017. (Doc. 65). Thus, the Motion was granted in part. The Court explained to Mr. Scott that, even if he failed to obtain counsel, he was required to "respond by that date or risk default

judgment being entered against him." (*Id*. at 2). Further, the Court advised Mr. Scott that "he may consult the Guide for *Pro Se* Litigants on this Court's website, which reflects that *pro se* litigants are likewise required to comply with the Federal Rules of Civil Procedure and this Court's Local Rules." (*Id*.).

Mr. Scott filed an untimely Answer on March 21, 2017, four days after the Court's deadline. (Doc. 68). "Although *pro se* litigants are held to less stringent standards than attorneys," they are required to "adhere to readily comprehended court deadlines." *May v. Pike Lake Park*, 8 F. App'x 507, 507 (6th Cir. 2001). The Court reminds Mr. Scott of his obligation to comply with Court deadlines but finds good cause to accept his Answer filed just after the relevant deadline in this instance.

In light of the foregoing, the Court turns to the entry of default (Doc. 60) and the Motion for Default Judgment against Mr. Scott (Doc. 61). Rule 55 of the Federal Rules of Civil Procedure provides the Court with discretion to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c); *see, e.g.*, *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003) (noting that Rule 55 permits the Court to set aside an entry of default "*sua sponte* for 'good cause'"). Further, "judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Therefore, "any doubt should be resolved in favor" of setting aside the default judgment "so that cases may be decided on their merits." *Id*. at 846 (internal quotation marks and citations omitted).

Given the Court's preference for deciding cases on the merits and for the reasons set forth in Mr. Scott's Motion for Extension of Time (Doc. 62), the Court finds in its discretion that good cause exists for setting aside the entry of default. Consequently, the Court **RECOMMENDS**

that the entry of default be set aside (Doc. 60) and the Motion for Default Judgment be **DENIED** as **MOOT** (Doc. 61).

The Clerk shall send a copy of this Report and Recommendation to Mr. Scott at the address provided in Doc. 68.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).  Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.


Date:  March 27, 2017                                         /s/ Kimberly A. Jolson
                                                              KIMBERLY A. JOLSON
                                                              UNITED STATES MAGISTRATE JUDGE