IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HELEN BRUSHART,**

   **Plaintiff,**

               **Civil Action 2:16-cv-520**
  **v.**             **Judge Algenon L. Marbley**
               **Magistrate Judge Jolson**

**BRIAN ADAMS, et al.,**

   **Defendants.**

## OPINION AND ORDER

Defendants Brian Adams and MMB Enterprises, Inc. filed a Renewed Motion to Quash the subpoena served upon the Ohio Department of Education. (Doc. 76). For the reasons stated, the Motion is **DENIED**.

### I. BACKGROUND

On April 20, 2017, Plaintiff filed notice of her intent to serve a subpoena on the Ohio Department of Education ("ODE"), seeking the production of ten categories of documents set forth in Exhibit 1 to the subpoena. (Doc. 71). When Mr. Adams and MMB Enterprises, Inc. ("Defendants") filed a Motion to Quash the subpoena on May 4, 2017 (Doc. 73), the Court denied the Motion without prejudice and ordered the parties to meet and confer in an effort to resolve the dispute (Doc. 74). Counsel's efforts to meet and confer were unsuccessful; hence, Defendants filed a Renewed Motion to Quash. (Doc. 76). The Renewed Motion is now ripe for review. (Doc. 78 (opposition); Doc. 79 (reply)).

## II. STANDARD

Under Rule 45 of the Federal Rules of Civil Procedure, parties may command a non-party to produce documents. Fed. R. Civ. P. 45(a)(1)(D). Rule 45 further provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . fails to allow a reasonable time to comply . . . or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i),(iv). Further, "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics*, LLC, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

## III. DISCUSSION

Prior to addressing the merits of the Renewed Motion, the Court must examine whether Defendants have standing to challenge the subpoena issued to ODE. *See Griffiths v. Ohio Farmers Ins. Co.*, No. 1:09-cv-1011, 2010 WL 2639918, at *1 (N.D. Ohio June 29, 2010) ("Federal courts must inquire into the threshold issue of standing before deciding the merits of a party's challenge to a subpoena."); *Waite, Schneider, Bayless & Chelsey Co. L.P.A. v. Davis*, No. 1:11-cv-851, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013) (same). Only a party that has "some personal right or privilege with regard to the documents sought" has standing to seek to quash a subpoena issued to a non-party. *Mann v. Univ. of Cincinnati*, Nos. 95-3195, 95-3292, 1997 WL 280188, at *4 (S.D. Ohio May 27, 1997) (citing 9A Charles Alan Wright and Arthur R. Miller, Fed. Practice and Procedure § 2459 (1995)). Such rights or privileges have been found to exist "with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal records." *Waite, Schneider, Bayless & Chelsey Co. L.P.A.*, No. 1:11-cv-

851, 2013 WL 146362, at *5 (citing *Hackmann v. Auto Owners Ins. Co.*, No. 2:05-cv-876, 2009 WL 330314, at *1 (S.D. Ohio Feb. 6, 2017)).

In their Renewed Motion to Quash, Defendants state the following with respect to standing:

> [T]he documents sought are documents related to non-party entities or persons involving Adams and MMB's business that have nothing to do with the claims at issue. Thus, Adams and MMB have a personal right or privilege to ensure that this confidential and irrelevant is not produced thereby allowing Brushart to go on a fishing expedition.

(Doc. 76 at 8). Plaintiff counters that Defendants state no personal right or privilege with regard to the documents sought; hence, they lack standing to quash. (Doc. 78 at 7). Plaintiff argues that, even if the Court were to accept Defendants' position that the documents sought are irrelevant, "only ODE may move to quash the subpoena on these grounds." (*Id*. at 7–8). In reply, Defendants claim that they have "adequately set forth the personal interest they have in limiting discovery from unrelated organizations involved in their primary source of livelihood having nothing to do with this matter but which could detrimentally impact their business reputation in the educational community." (Doc. 79 at 1).

At bottom, Defendants make nothing more than a relevance argument, which does not establish a personal right or privilege with respect to the documents sought. *White Mule Co. v. ATC Leasing Co. LLC*, No. 3:07cv00057, 2008 WL 2680273, at *4 (N.D. Ohio June 25, 2008) (denting motion to quash where the "sole basis for moving to quash the subpoenas is that the discovery sought is not relevant"). Consequently, Defendants lack standing to challenge the subpoena issued to ODE, and the Motion to Quash must be **DENIED** on that basis. *See Waite, Schneider, Bayless & Chelsey Co. L.P.A.*, 2013 WL 146362, at *5.

Defendants, however, equivocate in their Reply Brief, pondering whether they should have filed a Motion for a Protective Order rather than a Motion to Quash. (*See* Doc. 79 at 1–2 ("[P]erhaps the Motion is more properly a Motion for Protective Order instead of a Motion to Quash.")). They add the Court has discretion to convert its Motion to a Motion for Protective Order, which would eliminate the standing issue. (*Id*. at 2 (citing *McNaughton-McKay, Elec. Co. v. Linamar Corp.*, No. 09-CV-11165, 2010 WL 2560047 (E.D. Mich. June 15, 2010)). In sum, they suggest, but do not request outright, that the Court consider their relevance argument and a newly-raised proportionality argument by re-characterizing their Motion as one for a protective order. (*See id*.).

Plaintiff opposes Defendants' suggestion. More specifically, Plaintiff has filed a Motion to Strike Defendants' Reply on the grounds that it contains new evidence "intended to prejudice the Court." (Doc. 80 at 1). Alternatively, Plaintiff seeks leave to file a sur-reply. (*Id*.). Stated simply, the Motion to Strike is unnecessary because Defendants' suggestion that the Court convert their Motion to Quash into a Motion for a Protective Order is **DENIED**.

While Defendants have standing to seek a protective order to preclude or limit the discovery responsive to the subpoena, such a motion arises under a different rule in the Federal Rules of Civil Procedure. *Compare* Fed. R. Civ. P. 45(d)(3) *with* Fed. R. Civ. P. 26(c); *White Mule Co.*, 2008 WL 2680273, at *4 (citing *U.S. v. Operation Rescue*, 112 F. Supp. 2d 696, 705 (S.D. Ohio 1999)). Specifically, Rule 26(c) of the Federal Rules of Civil Procedure permits the Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). Here, Defendants do not argue that a protective order is necessary based on annoyance, embarrassment, oppression, undue burden, or expense. Rather, as noted previously, Defendants

argue the discovery requested is irrelevant, which is not a proper basis upon which to issue a protective order. *See id.*

Further, even if irrelevance were a proper basis upon which to seek a Protective Order, Plaintiff has not been given an opportunity to respond to such a motion or the arguments made for the first time in Defendants' Reply Brief. The Court understands that the parties worked together to narrow the scope of the discovery sought by the subpoena, but the proposed agreement was ultimately abandoned. The Court strongly encourages the parties to make another effort to meet and confer. Finally, if Defendants opt to file a Motion for a Protective Order, any such Motion must apply the proper standard and shall not anticipate that this Court will resolve disputes of fact at this juncture. (*See* Doc. 79 at 2–4 (Defendants attempting to clarify Plaintiff's alleged misrepresentation of facts)).

### IV. CONCLUSION

For the reasons stated, Defendants' Renewed Motion to Quash is **DENIED** (Doc. 76), Defendants' suggestion that the Court convert its Motion is likewise **DENIED**, and Plaintiff's Motion to Strike is **DENIED** as **MOOT** (Doc. 80).

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This order is in full force and effect even if a motion for reconsideration has

been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

    IT IS SO ORDERED.

Date: July 12, 2017                                        /s/ Kimberly A. Jolson
                                                                    KIMBERLY A. JOLSON
                                                                    UNITED STATES MAGISTRATE JUDGE